The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VERNA REYNOLDS,<br><br>    Plaintiff,<br><br>  v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:24-CV-01094-JCC<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Allstate Fire & Casualty Insurance Company ("Allstate") erroneously named "Allstate Property And Casualty Insurance Company" in this action, by and through its attorneys of record, answers the allegations in Plaintiff's Complaint as set forth below. To the extent any allegation in Plaintiff's Complaint is not expressly or specifically admitted, it is denied. To the extent any headings in Plaintiff's Complaint state factual allegations, such allegations are also denied.

## I. PLAINTIFF

1.1 Admit on information and belief.

## II. DEFENDANT

2.1 Allstate admits that it is a foreign insurance company that it is licensed to and does conduct business in the State of Washington. Allstate denies any remaining allegations.

ANSWER AND AFFIRMATIVE DEFENSES (2:24-CV-01094-JCC) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

2.2     Admit the Washington Office of Insurance Commissioner is the current entity to accept service of process on behalf of Allstate for this Lawsuit pursuant to applicable statutes and court rules.  Except as expressly admitted, Allstate denies any additional or further allegations in this paragraph.

2.3     Allstate admits that it issued an automobile insurance policy (Policy No. 000976671747 (the "Policy")) to Plaintiff.  Allstate admits that the Policy provided coverage and benefits to Plaintiff according to the terms, conditions, and policy period stated in the Policy and not otherwise.  Except as expressly admitted, Allstate denies any additional or further allegations in this paragraph.

### III.    VENUE

3.1     Allstate denies that the King County Superior Court has jurisdiction over the parties and subject matter following removal.  Allstate admits that the United States District Court for the Western District of Washington has jurisdiction over the parties and subject matter following removal.  Allstate denies any additional or further allegations in this paragraph.

### IV.    FACTS

4.1     Admit as to the intersection of 125th Street and Aurora Avenue in Seattle, Washington near where the subject accident of this lawsuit occurred.

4.2     Upon information and belief, Allstate admits that Plaintiff was involved in a motor vehicle accident with another driver, Byeon Woo Seok, on 125th Street in Seattle, Washington, on October 2, 2018.  Whether Byeon Woo Seok was an underinsured driver calls for a legal conclusion to which no response is required.  To the extent a response is required, Allstate denies.  As to the other contentions in this paragraph, Allstate lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

4.3     Allstate admits Plaintiff sustained certain injuries Plaintiff attributes to the accident, the extent and relatedness of these injuries are in dispute and not admitted.

ANSWER AND AFFIRMATIVE DEFENSES (2:24-CV-01094-JCC) - 2

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

4.4     Allstate admits that it issued an automobile insurance policy (Policy No. 000976671747 (the "Policy")) to Plaintiff that was in effect on October 2, 2018. Allstate admits that the Policy provided coverage and benefits to Plaintiff according to the terms, conditions, and policy period stated in the Policy and not otherwise. Except as expressly admitted, Allstate denies any additional or further allegations in this paragraph.

4.5     This paragraph calls for legal conclusion to which no response is required. To the extent a response is required, Allstate lacks sufficient information to admit or deny the allegations and therefore denies the same.

4.6     Admit.

4.7     Deny.

4.8     This paragraph calls for legal conclusion to which no response is required. To the extent a response is required, Allstate admits that the Policy provided coverage and benefits to Plaintiff according to the terms, conditions, and policy period stated in the Policy and not otherwise.

4.9     Allstate lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies the same.

4.10    Allstate admits Plaintiff demanded Allstate pay the Underinsured Motorist policy. Allstate further admits the demand letter speaks for itself.

4.11    Deny.

4.12    Deny.

## V.     CAUSES OF ACTION

5.1     Allstate re-asserts and incorporates its responses to paragraph 1.1 – 4.12 of Plaintiff's complaint as if fully set forth herein.

5.2     Deny.

5.3     Deny.

5.4     Deny.

5.5     Deny.

## VI.     UNIFORM HEALTH CARE ACT

6.1     This paragraph requires no response.

## VII.     PRAYERS FOR RELIEF

7.1     Allstate denies that Plaintiff is entitled to any relief whatsoever from Allstate and further denies all allegations contained in Paragraphs 7.1–7.8.

## OMNIBUS DENIAL

Any allegation not explicitly admitted in the preceding paragraphs is denied.

## AFFIRMATIVE DEFENSES

As affirmative defenses to Plaintiff's Complaint, Allstate alleges as follows:

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     To the extent there was a duty or obligation to Plaintiff, whether under applicable law, the Policy, or otherwise, Allstate fulfilled any such duty or obligation.

3.     Plaintiff's alleged damages, if any, were caused in whole or in part by her own acts or omissions.

4.     Plaintiff failed to mitigate her damages, if any.

5.     Plaintiff's alleged damages, if any, were caused in whole or in part by others over whom Allstate had no control and for whose actions Allstate is not legally responsible, including but not limited to third parties.

6.     Allstate's investigation, handling, and adjustment of Plaintiff's claim has been in compliance with the applicable law and was at all times reasonable in light of the facts and circumstances surrounding the loss and claim submitted.

7.     Allstate is entitled to an offset for any amounts it has already paid to Plaintiff under the Policy.

8.     Allstate is entitled to an offset for amounts received by Plaintiff from third parties as a result of Plaintiff's harm, injuries, and claims.

9. Plaintiff's recovery, if any, is limited to the terms and conditions of the Policy.

10. To the extent Plaintiff failed to comply with her obligations under the Policy, she is precluded from any recovery.

11. Plaintiff failed to comply with the notice requirement of RCW 48.30.015(8)(a).

Allstate reserves the right to amend its Answer to assert such additional defenses, counterclaims, or third-party claims for which a basis becomes apparent during the continuing course of discovery during this action.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Allstate prays for the following relief:

1. An order dismissing Plaintiff's Complaint against Allstate with prejudice;

2. An award of all of Allstate's reasonable attorney's fees and costs to the extent permitted by law; and

3. For such other and further relief as this Court deems just and equitable.

DATED this 5th day of September, 2024.

FOX ROTHSCHILD LLP

*s/ Lucy B. Wilhelm*
Bryan J. Case, WSBA #41781
Sarah D. Macklin, WSBA #49624
Lucy B. Wilhelm, WSBA #57130
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
Telephone: 206.624.3600
Facsimile: 206.389.1708
Email: bcase@foxrothschild.com
    smacklin@foxrothschild.com
    lwilhelm@foxrothschild.com

*Attorneys for Allstate Property and Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle, Washington. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of record for all other parties to this action as indicated below:

| Service List | |
|---|---|
| Melissa D. Carter, WSBA #36400<br>ADLER GIERSCH PS<br>333 Taylor Avenue N<br>Seattle, WA 98109<br>Ph (206) 682-0300<br>Email: mcarter@adlergiersch.com<br><br>*Attorneys for Plaintiff* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this 5th day of September 2024, in Seattle, Washington.

*/s/ Courtney Brooks*
Courtney R. Brooks