Honorable John C. Coughenour

UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VERNA REYNOLDS,<br><br>Plaintiff<br><br>vs<br><br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Case No.: 2:24-cv-01094-JCC<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br><u>**JURY DEMAND**</u> |

Verna Reynolds, by and through her attorney of record, Ms. Melissa D. Carter, J.D. of Adler Giersch PS, for cause of action for personal injuries against Allstate Fire & Casualty Insurance Company complains and alleges as follows:

I. PLAINTIFF

1.1 Verna Reynolds is a resident of Seattle, King County, Washington.

II. DEFENDANT

2.1 At all times material hereto, Defendant Allstate Fire & Casualty Insurance Company ("Allstate") is a foreign or alien corporation, conducting business in the state of Washington with its principal place of business at 3075 Sanders Road, Suite H2D, Northbrook, IL 60062-3075.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES – Page 1

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102

2.2 The registered agent for Defendant is located at the Office of the Insurance Commissioner, Service of Process, PO Box 40257, Olympia, WA 98504-0257; and 5000 Capitol Blvd, Tumwater, WA 98501.

2.3 At all times material hereto, Defendant provided automobile insurance to Plaintiff.

## III. VENUE

3.1 All acts hereinafter alleged occurred within the County of King, State of Washington, and this Court has jurisdiction over this cause.

## IV. FACTS

4.1 At all times hereinafter mentioned, 125th Street is located in the City of Seattle, County of King, State of Washington.

4.2 On or about October 2, 2018, Plaintiff Verna Reynolds was stopped in her car traveling eastbound at the intersection of 125th Street and Aurora Avenue in Seattle, Washington. Underinsured motorist Byeon Woo Seok was traveling, also eastbound, directly behind Plaintiff Reynolds. Mr. Woo Seok failed to pay appropriate attention to the traffic conditions and forcefully struck the rear of the Reynolds vehicle, causing damage.

4.3 Plaintiff Reynolds was injured as a proximate result of the collision, and she suffered damages as a result.

4.4 At the time of the October 2, 2018 collision, Plaintiff was insured by Defendant Allstate under automobile insurance policy number 976671747 (hereinafter "the Auto Policy"). The Auto Policy was in effect on October 2, 2018 and provided Underinsured Motorist coverage.

4.5 Underinsured motorist Woo Seok operated his vehicle negligently and in violation

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES – Page 2

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102

of the Rules of the Road contained at RCW 46.61 et seq., in that he failed to keep a safe and proper distance between his vehicle and Plaintiff's vehicle; he failed to keep a proper lookout; he was traveling too fast and did not have due regard for traffic upon the roadway at that point in time; he struck the vehicle which Plaintiff Verna Reynolds occupied; and drove a vehicle upon a public street in such a manner so as to endanger or be likely to endanger another person or property thereby proximately causing this collision to occur.

4.6 On March 30, 2020, the liability carrier for the underinsured motorist Woo Seok offered the full liability policy limits to resolve Plaintiff's damages claim with Woo Seok. Allstate agreed to allow Plaintiff to accept the policy limits offer and waived its right to buy out the claim.

4.7 The policy limits settlement with Woo Seok's liability insurer did not make the Plaintiff whole.

4.8 Defendant Allstate is responsible to Plaintiff for all damages proximately caused by the collision and which exceed the liability policy of Woo Seok's policy.

4.9 Based on the facets herein above, Plaintiff was not comparatively at fault for this collision or for her injuries and damages resulting therefrom, and is thus without fault or 0% at fault as that term is defined in RCW 4.22.015.

4.10 Plaintiff has demanded the Underinsured Motorist policy limits to resolve her Underinsured Motorist claim with Allstate.

4.11 Allstate responded to Plaintiff's demand with an offer of $0.00, zero dollars, to resolve Ms. Reynolds' Underinsured Motorist claim. Allstate's refusal to offer anything to resolve Plaintiff's claim does not cover Ms. Reynolds' related medical expenses, future medical expenses, or her significant pain and suffering directly caused by the subject motor vehicle

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES – Page 3

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102

collision.

4.12    Allstate's position has forced Verna Reynolds, Allstate's own insured, to incur fees and costs in filing a lawsuit against her own insurance company to determine the fair and reasonable value of the Underinsured Motorist claim.

## V. CAUSES OF ACTION

5.1    Plaintiff re-asserts and re-alleges paragraph 1.1 through 4.12 set forth above, herein.

5.2    Defendant's actions constitute a breach of Policy, per the express and implied terms of the contract with the Plaintiff.

5.3    As a proximate result of Defendant's breaches, the Plaintiff has suffered injuries and damages as a result of Defendant's breach of contract.

5.4    Defendant's actions are also negligent and in violation of its duty to exercise reasonable care, good faith and fair dealings towards its insureds, including a violation of the Insurance Fair Conduct Act, RCW 48.30.010, et seq. Among other acts, Defendant negligently failed to effectuate a prompt, fair and equitable settlement of Plaintiff's Underinsured Motorist claims according to the terms of the Policy, and forced its insured to submit this matter to litigation to recover amounts due under the Policy.

5.5    Plaintiff has suffered injuries and damages as a result of Defendant's negligence.

## VI. UNIFORM HEALTH CARE INFORMATION ACT

6.1    Pursuant to RCW 5.60.060(4) and the provisions of the Uniform Health Care Information Act, RCW 42.17 and RCW Chapter 70, the Plaintiff waives the physician/patient privilege 90 days from the date this complaint was filed, to the extent necessary to place any and all alleged damages at issue at the time of trial, and as might be required by any act or statute or

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES – Page 4

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102

case law interpreting the same in the State of Washington. In doing so, Plaintiff does not waive her right to seek a protective order or otherwise oppose objectionable medical discovery. Plaintiff's waiver is further conditioned and limited as follows:

    a.    The Plaintiff does not waive her constitutional right of privacy;

    b.    The Plaintiff does not authorize the Defendant or Defendant's representative to contact her health care providers without notice to counsel, after which they may only be contacted in a manner with complies with the Uniform Health Care Information Act and HIPAA, in proceedings further authorized by the Rules of Civil Procedure subject to any provisions which may be established by this court.

## VII. PRAYERS FOR RELIEF

Wherefore, Plaintiff Verna Reynolds requests judgment against Defendant as follows:

    7.1    For general damages already incurred and future general damages, in an amount now unknown, which will be proved at the time of trial;

    7.2    For medical and other treatment expenses incurred and for future medical expenses and other treatment expenses and other costs, in an amount now unknown, which will be proved at the time of trial;

    7.3    For loss of earnings and/or earning capacity;

    7.4    For damage to, loss of, or loss of use of Plaintiff's personal property;

    7.5    For additional travel expenses;

    7.6    For reasonable attorneys fees and costs incurred herein:

    7.7    For prejudgment interest;

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES – Page 5

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA 98109
Tel (206) 682-0300
Fax (206) 224-0102

7.8     For such other and further relief as this Court may deem just and equitable in this cause.

DATED this 30th day of September, 2024.

                    ADLER GIERSCH PS

*[signature]*

Melissa D. Carter, WSBA #36400
ADLER GIERSCH PS
333 Taylor Avenue North
Seattle, WA  98109
Telephone: (206) 682-0300
FAX:  (206) 224-0102
mdcarter@adlergiersch.com

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES – Page 6

ADLER GIERSCH, P.S.
Attorneys at Law
333 Taylor Avenue North
Seattle, WA  98109
Tel (206) 682-0300
Fax (206) 224-0102